Mark Brnovich
Attorney General

Patrick J. Boyle, No. 031674
Assistant Attorney General
2005 N. Central Ave
Phoenix, Arizona 85004-1592
Telephone:  (602) 542-4951
Fax:  (602) 542-7670
E-mail: patrick.boyle@azag.gov

*Attorneys for Defendants Ryan, Slade, and Miller*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Jr., | No. CV18-02034-PHX-DWL (JZB) |
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIMEFRAME AND OR REQUEST TO RE-OPEN TIMFRAME TO FILE APPEAL [DOC. 93]** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Defendants, through undersigned counsel, respond in opposition to Plaintiff's Motion for Extension of Timeframe and or Request to Re-Open Timeframe to File an Appeal ("Motion") (Doc. 93).

The Judgment here was entered on March 3, 2020.  (Doc. 88 at 1.)  Jones confirms that he timely received the Judgment on March 4, 2020.  (*Jones v. Slade*, Ninth Cir. No. 20-15642, Dkt. 3, attached hereto as Exhibit A.)  He did not draft his Notice of Appeal until April 3, 2020.  (Doc. 93 at 3.)  He asserts that because he is a maximum-custody inmate, he was unable to submit this document for filing until April 8, 2020, because outgoing mail is not picked up on Fridays (April 3, 2020, was a Friday).  (*Id.*)  The Notice of Appeal itself is not dated, but its Certificate of Service asserts that Jones served it on April 8.  (Doc. 90 at 2.)  In order to receive an extension after the time has expired, Jones is required to show he failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Furthermore, if Jones had *timely* prepared the Notice of Appeal—on or before Thursday, April 2—he would have avoided the problem of which he now complains: the prison's failure to collect mail on Fridays.  Jones admits that his Notice of Appeal was untimely.  A notice of appeal in a civil case must be filed within thirty days after entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  Thirty days from March 3, 2020, is April 2, 2020.  Therefore, by his own admission, Jones did not even draft his Notice of Appeal until the day *after* it was due.  This is not excusable neglect.  *See Sprout v. Farmers Ins. Exch.*, 681 F.2d 587, 588 (9th Cir. 1982) (affirming denial of an extension to file a notice of appeal because "[t]here was neither excusable neglect nor good cause in this case. Counsel simply neglected to prepare the notice of appeal until it was too late to file it before the deadline.").  Even if he had provided his Notice of Appeal to prison officials for mailing on that day, instead of on April 8, 2020, it would not have been timely.  Unlike the inmate in *Houston v. Lack*, 487 U.S. 266, 270 (1988), who timely delivered his notice of appeal to prison officials, Jones did not deliver his Notice for filing until after the deadline had passed.

Jones also alleges that he was moved multiple times in order to keep him "off balance."  (Doc. 93 at 2.)   This is also not excusable neglect.  Jones's Arizona Correctional Information System ("ACIS") records indicate he was only moved twice, on March 5, 2020, and again on March 12, 2020.  (Excerpt from Jones's ACIS Records attached as Exhibit B.)  This left Jones twenty-one days to prepare his one-page Notice of Appeal.

Jones also alleges that interference with both his property (his desk lamp was allegedly taken) and his medical treatment (not being provided his medication) caused his delay.  (Doc. 93 at 2-3.)  Jones alleged similar issues in a Motion to Extend filed in another of six[1] ongoing lawsuits.  (*Jones v. Ryan*, 18-cv-1972-PHX-MTL (JZB), Doc. 126.)  The court denied that Motion to Extend, stating, "Plaintiff is currently litigating

---

[1] *See Jones v. Ryan*, 18-cv-1972-PHX-MTL (JZB); *Jones v. Wood*, 18-cv-4872-PHX-MTL (JZB); *Jones v. Harris*, 19-cv-5682-PHX-MTL (JZB); *Jones v. Davis*, 19-cv-8055-MTL (JZB).

2

multiple actions before this Court, and has filed no fewer than six motions/requests with the Court since February 7, 2020. By doing so, Plaintiff has demonstrated his capability to litigate despite recent circumstances." (*Id.*, Doc. 127 at 1-2.)   A review of the dockets reveals Jones engaged recently in a similar level of activity, including on April 2, 2020. (*Id.*, Docs. 128-131, 133.)  Clearly Jones had access to the court and the ability to file documents before his deadline to file his Notice of Appeal here.  His excuses, particularly when combined with his admission that he did not even draft his Notice until after it was due, do not amount to excusable neglect.

For the foregoing reasons, Defendants request the Court to deny Plaintiff's Motion.

RESPECTFULLY SUBMITTED this 2nd day of June, 2020.

Mark Brnovich
Attorney General


s/ Patrick J. Boyle
Patrick J. Boyle
Assistant Attorney General
*Attorneys for Defendants Ryan, Slade,
and Miller*

1

**CERTIFICATE OF SERVICE**

2

  I hereby certify that on June 2, 2020, I electronically transmitted the attached

3

document to the Clerk of the Court using the ECF System.

4

  This document and the Notice of Electronic Filing were deposited for mailing on

5

June 3, 2020, to the following, who is not a registered participant of the CM/ECF

6

System:

7

Edward Lee Jones, Jr., ADC# 190298

8

ASPC E SMU I West
P O Box 4000

9

Florence, AZ 85132
*Plaintiff pro se*

10

11

s/ L. Fuentes

Secretary to Patrick J. Boyle

12

#8750975
LMS18-0506

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28