WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Jr., | No. CV-18-02034-PHX-MTL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Defendants seek reconsideration of the Court's June 26, 2020 Order granting Plaintiff's Motion for Extension of Time to File an Appeal. Although not directed to do so, Plaintiff filed a response to the motion. The Court denies the motion for reconsideration.

Under Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may extend the time to file a notice of appeal if an appellant seeks an extension of time "no later than 30 days after the time prescribed by this Rule 4(a) expires" and shows either "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The Court has the discretion to grant or deny a motion for an extension of time to file a notice of appeal. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004).

As laid out in the prior order, judgment in this action was entered on March 3, 2020 (Doc. 89). On April 3, 2020, Plaintiff prepared and signed his Notice of Appeal, which was docketed on April 9, 2020. Plaintiff then filed a motion for extension of time to file a notice of appeal on April 23, 2020, articulating that while he prepared his Notice

1   of Appeal on April 3, 2020, because he is in maximum custody, he had no ability to
2   submit it to prison officials until April 8.

3         The Court granted the motion and deemed Plaintiff's April 3 notice of appeal as
4   timely filed. Defendants point out that April 3 is 31 days after March 3. That is true but
5   Plaintiff nonetheless filed his motion under Federal Rule of Appellate Procedure
6   4(a)(5)(A) on April 23, well before 30 days after the time to appeal expired. Defendants
7   appear to argue that good cause does not exist for the extension because Plaintiff could
8   have theoretically filed his notice of appeal before April 2. But if that were the standard,
9   nearly every motion for extension of time would be denied. Rather, the Court—in its
10  discretion—determined that good cause existed to extend the time to file a notice of
11  appeal. Nothing in Defendants' motion undermines that conclusion. Reconsideration is
12  not appropriate where a movant merely asks the Court to "'rethink what the court ha[s]
13  already thought through[.]'" *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351
14  (D. Ariz. 1995). Defendants' motion will be denied.

15        **IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 99) is
16  **denied**. The Clerk of Court must forward a copy of this Order to the Ninth Circuit Court
17  of Appeals referencing appeal number 20-15642.

18        Dated this 24th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge